IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tonya R. Chapman, | ) | |
| | ) | Civil Action No. 6:16-1913-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sandra Day Hurley, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's action without prejudice and without issuance and service of process. (ECF No. 12). Plaintiff was advised of her right to file objections to the Report. (ECF No. 12 at 4). Plaintiff has filed objections. (ECF No. 14).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate fudge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's objections are mostly unspecific to the dispositive portions of the Report. Plaintiff argues that she submitted several documents concerning alleged unethical behavior that the presiding judges in her prior action ignored. (ECF No. 14 at 1). She indicated that she filed a motion for contempt in that action, which the magistrate judge denied. (ECF No. 14 at 2). These objections do not relate to the Report's recommendation concerning her claim for perjury.[1]

In her objections, Plaintiff seeks to amend her complaint to convert her claim for perjury into a claim for fraud, which the court will construe as a motion to amend her pleadings. Plaintiff's motion to amend the complaint is denied as futile.

Motions to amend a pleading are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, a court should deny a motion to amend "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)).

Under Fed. R. Civ. P. 8(a), a pleading must "contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Although this court is required to liberally construe pro se complaints, "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a

---

[1] The court notes that Plaintiff's objections include an unfinished sentence. The sentence appears to be referencing her motion to compel filed in the prior action. *Chapman v. Enterprise, Rent-a-Car Co.*, No. 7:15-cv-441-TMC (D.S.C. filed Jan. 30, 2015).

claim cognizable in a federal district court." *Martin v. Blinkley*, No. 4:13-cv-1568-DCN, 2013 WL 5316345, at *2 (D.S.C. Sept. 20, 2013) (citations omitted). "[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* at *3 (citations omitted).

Plaintiff has not proposed any amendment that would remedy the deficiencies in her complaint. Her original complaint does not provide any factual allegations, except to state that the defendant "has committed perjury." (ECF No. 1 at 3). She left the relief section of the complaint blank, and the original complaint does not state any relief she seeks. (ECF No. 1 at 4). Thus, her original complaint does not state a cause of action for fraud.

Liberally construing Plaintiff's objections, she appears to base her perjury and fraud arguments on facts laid out in a motion for contempt she filed in a prior action. *See Chapman v. Enterprise, Rent-a-Car Co.*, No. 7:15-cv-441-TMC at ECF 46 (D.S.C. filed January 30, 2015). In that motion, she claimed that the defendant in this action committed perjury to obtain an extension of time to file responses to discovery requests. *Id.* The defendant in this case was the attorney for the defendants in the prior case. In the motion for an extension of time, the defendants indicated that they received the plaintiff's discovery request on May 18, 2015, but that they did not know when the requests were served. *Id.* at ECF 40. The defendants sought an extension of time "[d]ue to press of business." *Id.* The plaintiff filed a response stating that the defendants had received the discovery request in April 2015. *Id.* at ECF No. 41. The magistrate judge entered a text order granting in part the motion for an extension of time to file the responses to discovery. *Id.* at ECF No. 43.

After the magistrate judge had entered her text order, the plaintiff filed a motion for contempt. *Id.* at ECF No. 46. In her motion for contempt, she indicated that the defendants

committed perjury and that no more extensions of time should be granted. *Id.* The defendants filed a response in opposition, and asked the magistrate judge to admonish the plaintiff for making such claims. *Id.* at ECF No. 49. The magistrate judge entered a text order denying the motion for contempt as unfounded. *Id.* at ECF No. 52.

As to the current dispute, Plaintiff seeks to proceed on a claim of fraud for this alleged misrepresentation. To prove fraud under South Carolina law, Plaintiff would need to plead and show:

> (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C. Ct. App. 1993). "A complaint is fatally defective if it fails to allege all nine elements of fraud." *Id.* Plaintiff's objections do not state any of the elements, and her original complaint does not provide any factual allegations or seek any relief. The court finds that she is unable to pursue a cause of action for fraud because she has not pled and cannot satisfy the requisite elements based on these facts.[2] Thus, the court denies the request to amend her pleadings as futile.

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court finds Plaintiff's objections are overruled. Based on the foregoing, the court adopts the Report (ECF

---

[2] Plaintiff appears to be arguing that Defendant committed a "fraud on the court." Fed. R. Civ. P. 60(b)(3) permits a court to set aside a judgment based on fraud. The fraud on the court doctrine "should be invoked only when parties attempt 'the more egregious forms of subversion of the legal process . . . , those that we cannot necessarily expect to be exposed by the normal adversary process.'" *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 136 (4th Cir. 2014) (quoting *Great Coastal Express, Inc. v. Int'l Brotherhood of Teamsters*, 675 F.2d 1349, 1357 (4th Cir. 1982)). Thus, "the doctrine is limited to situations such as 'bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.'" *Id.* (quoting *Great Coastal*, 675 F.2d at 1356). The court finds that Plaintiff raised this issue in the prior case, and in any event, her factual allegations do not support a claim for fraud on the court.

No. 12) and incorporates it herein, and Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

July 25, 2016  
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.